

12 CIV 5364

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X    Case No.

OLUBUNMI ABORISADE,

                                    Plaintiff,                      **COMPLAINT**

          - against -
                                                                    **PLAINTIFF DEMANDS
                                                                    A TRIAL BY JURY**

THE NEW YORK FOUNDLING HOSPITAL,
NEW YORK FOUNDLING CHARITABLE CORPORATION,
NEW YORK FOUNDLING HOSPITAL CENTER FOR
PEDIATRIC, MEDICAL AND REHABILITATIVE CARE, INC.,
YSMELDA PENA, *Individually*, and
ANDRIA STEPHENS, *Individually*,

                                    Defendants.

-------------------------------------------------------------X

Plaintiff, OLUBUNMI ABORISADE, by his attorneys, PHILLIPS & PHILLIPS,

Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as

follows:

### NATURE OF THE CASE

1.      Plaintiff complains pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et*

        *seq.* ("FMLA") and the New York City Human Rights Law, Administrative Code § 8-107

        *et seq.* ("NYCHRL"), and seeks to recover lost wages, emotional distress, punitive

        damages, reasonable attorneys' fees and costs as a result of being **Discriminated against**,

        and ultimately **Terminated** by his employer solely due to his **Disability**, and **in**

        **Retaliation for Exercising his Rights under the FMLA.**

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 29 U.S.C. §2617, 28 U.S.C. §§ 1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b), as Defendants reside within the Southern District of New York, and the acts complained of occurred therein.

## PARTIES

5.    That at all times relevant hereto, Plaintiff OLUBUNMI ABORISADE ("ABORISADE") is a resident of the State of New York and County of Bronx.

6.    That at all times relevant hereto, Defendant THE NEW YORK FOUNDLING HOSPITAL ("NYFH") is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 590 Avenue of the Americas, New York, New York 10011.

7.    That at all times relevant hereto, Defendant NEW YORK FOUNDLING CHARITABLE CORPORATION ("NYFCC") is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 590 Avenue of the Americas, New York, New York 10011.

8.    That at all times relevant hereto, Defendant NEW YORK FOUNDLING HOSPITAL CENTER FOR PEDIATRIC, MEDICAL AND REHABILITATIVE CARE, INC. ("NYFHC") is a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 590 Avenue of the Americas, New York, New York 10011.

9.  Defendant NYFH, Defendant NYFCC, and Defendant NYFHC are "joint employers" and/or "integrated employers" for purposes of FMLA coverage, as they have common management, share financial control of both companies, share centralized control of labor relations, and share employees.

10. That at all times relevant hereto, Plaintiff ABORISADE was a full-time employee of Defendant NYFH, Defendant NYFCC, and Defendant NYFHC.

11. Upon information and belief, at all times material, Defendant YSMELDA PENA ("PENA") was and is an individual residing in the State of New York.

12. That at all times relevant hereto, Defendant PENA was an employee of Defendant NYFH, Defendant NYFCC, and Defendant NYFHC, holding the position of "Human Resources Generalist."

13. That at all times relevant hereto, Defendant PENA was Plaintiff ABORISADE's supervisor and/or had supervisory authority over Plaintiff ABORISADE.

14. Upon information and belief, at all times material, Defendant ANDRIA STEPHENS ("STEPHENS") was and is an individual residing in the State of New York.

15. That at all times relevant hereto, Defendant STEPHENS was an employee of Defendant NYFH, Defendant NYFCC, and Defendant NYFHC, holding the position of "Manager."

16. That at all times relevant hereto, Defendant STEPHENS was Plaintiff ABORISADE's direct supervisor and/or had supervisory authority over Plaintiff ABORISADE.

17. That at all times relevant hereto, Defendant NYFH, Defendant NYFCC, Defendant NYFHC, Defendant PENA, and Defendant STEVENS are collectively referred to herein as "Defendants."

18. Upon information and belief, Defendants employ fifty (50) or more employees within

3

seventy-five (75) miles.

19.    Plaintiff ABORISADE was an "eligible" employee under the FMLA when he took his medical leave of absence, as he had been employed by Defendants for at least twelve (12) months and worked at least 1,250 hours within the past twelve (12) months.

20.    The FMLA defines an "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer." 29 U.S.C. 26114(A)(ii)(i).

21.    The Department of Labor regulations extend individually liability for FMLA violations to "corporate officers acting in the interest of an employer." 29 CFR 825.104(d).

## MATERIAL FACTS

22.    On or about May 28, 2000, Plaintiff ABORISADE began working for Defendants in their "Bronx Community Services Department" as a "Disabilities Specialist."

23.    At the time Plaintiff ABORISADE was hired, he was assigned to Defendants' Group Home, located at 820 Thieriot Avenue, Bronx, New York 10473, and was earning approximately $13.00 per hour.

24.    Throughout Plaintiff ABORISADE's eleven (11) years of employment with Defendants, Plaintiff ABORISADE was an exemplary employee, was never reprimanded, and always received compliments for his work performance.

25.    **However, on or about April 24, 2011, everything changed when Plaintiff ABORISADE suffered a stroke, and pursuant to his personal doctor's orders, Plaintiff ABORISADE would need to take a medical leave of absence while he was treated.**

4

26. More specifically, on or about April 24, 2011, Plaintiff ABORISADE suffered a stroke and immediately went to the emergency room.

27. The same day, on or about April 24, 2011, Plaintiff ABORISADE notified his direct supervisor, Defendant STEPHENS, of his circumstances, and requested a medical leave of absence pursuant to the Family and Medical Leave Act ("FMLA").

28. In addition, Plaintiff ABORISADE provided Defendants with all the requisite medical documentation explaining in detail the reasons for Plaintiff ABORISADE's medical leave of absence.

29. On or about April 24, 2011, after Defendants had approved Plaintiff ABORISADE's FMLA leave, Plaintiff ABORISADE officially began his FMLA leave.

30. On or about June 8, 2011, Plaintiff ABORISADE received an official letter from Defendant PENA stating that, **"Your leave of absence has been approved and designated under FMLA as of April 24, 2011 until July 22, 2011."**

31. On or about July 19, 2011, Plaintiff ABORISADE provided Defendants with a letter from his doctor, Mentor Sejdiu, MD, stating that, **"[Plaintiff] may return to work with some limitations that have to do with mild walking coordination problems and mild right hand weakness."**

32. Defendant PENA then sent Plaintiff ABORISADE a "Request for Reasonable Accommodation" form, told him that it needed to be completed and returned to Defendants, and that he could not return to work until it was approved by Defendants.

33. Accordingly, **on or about July 25, 2011, Plaintiff ABORISADE submitted a "Request for Reasonable Accommodation" to Defendants' Human Resources Department.**

34. As a "Disabilities Specialist," Plaintiff ABORISADE was responsible for ensuring the

supervision, health and safety of consumers, advocating for consumers in the community, ensuring that consumer medication is administered as prescribed, assisting in daily living skills, ensuring facility is in compliance with the OMRDD and COA standards, completing progress notes, planning and preparing balanced meals, cleaning and maintaining the house, transporting customers on recreational activities, and assisting with spiritual development.

35.   While Plaintiff ABORISADE was ready and able to resume his job duties, **he simply requested that he not be required to not drive consumers long distances or take long walks with consumers,** as he temporarily had "mild walking coordination problems and mild right hand weakness" and did not want to drive other individuals while suffering from these conditions.

36.   In fact, on Plaintiff ABORISADE's "Request for Reasonable Accommodation," he specifically wrote, **"apart from walking coordination and weakness on the right hand which will come back to normal with time, I have no other problem that may interfere with my work."**

37.   Moreover, apart from the fact that there were many positions that did not involve driving or walking long distances, **there were also two (2) other employees working the same shift at Plaintiff ABORISADE at the same Group Home, both of whom could have driven the consumers if the need arose.**

38.   However, shockingly, **on or about July 28, 2011, Defendant PENA suddenly terminated Plaintiff ABORISADE's employment because, according to Plaintiff's termination letter, "we cannot approve your request because you cannot at this point perform the essential duties of your position. For all these reasons, we must**

**terminate your employment with NYF.** **Once you are medically cleared by your doctor to return to work, you may apply for any available position at our agency."** Plaintiff ABORISADE was exceedingly disturbed and upset at this blatantly unlawful and retaliatory termination.

39. Although Plaintiff ABORISADE was shocked and distraught that his stroke has caused him to lose his job, he was in desperate need of income, so on or about August 15, 2011, Plaintiff ABORISADE applied for three (3) available positions with Defendants - Resource Specialist, Research Coordinator, and Research Assistant.

40. Unfortunately, Plaintiff ABORISADE never heard back from Defendants, and from in or about August 2011 through in or about December 2011, Plaintiff ABORISADE made several calls to Defendants' Human Resources Department to follow up on the positions.

41. Unfortunately, Defendants filled all three (3) positions without even considering Plaintiff ABORISADE. In fact, although Defendants admitted receipt of Plaintiff ABORISADE's applications, Defendants never even called Plaintiff for an interview.

42. **It is clear that Defendants terminated Plaintiff ABORISADE's employment solely in retaliation for exercising his rights under the FMLA, as Defendants refused to allow him to return from FMLA leave and actually terminated his employment while still out on FMLA leave.**

43. **It is also apparent that Defendants terminated Plaintiff ABORISADE's employment because they did not want to engage in any interactive process regarding ways to accommodate Plaintiff ABORISADE's disability.**

44. Plaintiff ABORISADE felt offended, disturbed, and humiliated by this illegal termination.

45. Defendants obviously did not like the fact that Plaintiff ABORISADE took FMLA leave, and thus unlawfully terminated his employment.

46. Defendants failed to allow Plaintiff ABORISADE to return to the same or equivalent position he held following his leave for a serious medical condition.

47. Plaintiff ABORISADE's condition constitutes a disability under the NYCHRL, as it is an impairment of the body's neurological system and musculoskeletal system.

48. Plaintiff ABORISADE is a qualified individual who can perform the essential functions of his employment with a reasonable accommodation as defined by the NYCHRL.

49. **Defendants made no attempt to engage in any interactive process to explore what reasonable accommodation might have allowed Plaintiff ABORISADE to continue his employment with Defendants.**

50. Defendants simply didn't want to take the time to provide Plaintiff ABORISADE with a reasonable accommodation that would have allowed Plaintiff ABORISADE to continue his job duties and responsibilities with Defendants.

51. **Furthermore, Defendants evidently perceived Plaintiff ABORISADE's condition to be a disability, and decided to terminate him because of an incorrect belief that he was substantially limited in his ability to work.**

52. Prior to suffering a stroke and taking a medical leave of absence pursuant to the FMLA, Defendants never had any issues with Plaintiff ABORISADE, but afterwards, Defendants suddenly treated him differently, ultimately terminating his employment.

53. **But for the fact that Plaintiff ABORISADE exercised his rights under the FMLA and requested a reasonable accommodation for his disability, Defendants would not have terminated his employment.**

54.  Plaintiff ABORISADE's performance was, upon information and belief, above average during the course of his employment with Defendants.

55.  Plaintiff ABORISADE has been unlawfully discriminated against, humiliated, retaliated against, has been degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

56.  Defendants' actions and conduct were intentional and intended to harm Plaintiff ABORISADE.

57.  As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

58.  As a result of the Defendants' discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

59.  As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

60.  As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

61.  Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR RETALIATION UNDER
## THE FAMILY AND MEDICAL LEAVE ACT

62.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

63.    Section 2612(D) of the Family Medical Leave Act, states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

64.    Section 2615(a) of the Family Medical Leave Act, states in pertinent part: "Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

65.    Defendants discriminated against Plaintiff in retaliation for exercising his rights under the FMLA.

66.    As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68.    The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful

discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69.   Defendants violated the section cited herein as set forth.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.   The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

72.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74.   New York City Administrative Code Title 8-107(19) **Interference with protected**

**rights**. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

75.   Defendants violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77.   New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

   a.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i.   the employee or agent exercised managerial or supervisory responsibility; or

   ii.   the employer knew of the employee's or agent's discriminatory

conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an **independent contractor,** other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

78. Defendants violated the section cited herein as set forth.


## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden

under this chapter. . ."

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## JURY DEMAND

82. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the New York City Human Rights Law, Administrative Code § 8-107 *et seq.*, by discriminating against Plaintiff on the basis of his disability and then unlawfully terminating his employment due to his disability and in retaliation for exercising his rights under the FMLA;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

14

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

    proper to remedy the Defendants' unlawful employment practices.


Dated: New York, New York
       July 10, 2012


                                    PHILLIPS & PHILLIPS,
                                    ATTORNEYS AT LAW, PLLC


                        By:
                                    William K. Phillips, Esq. (WP0409)
                                    *Attorneys for Plaintiff*
                                    30 Broad Street, 35th Floor
                                    New York, New York 10004
                                    (212) 248-7431
                                    EMAil: TPGLAWS@YAhoo.com